# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | | |
|---|---|---|
| **HAROLD CURTIS BIDDIE,** | ) | CIVIL CASE NO.  18-00025 |
| | ) | |
| "Movant" | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| **SECRETARY OF TREASURY, For the** | ) | |
| **Country or Dristrict of Guam & Bond** | ) | |
| **Code Number # 422866047, U. S.** | ) | |
| **Courthouse 4th Floor, 520 West** | ) | |
| **Soledad Avenue , Hagatna, Guam 96910.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

The court has reviewed movant's "Writ of Nunc Pro Tunc with Equitable Marimi" and his Application to Proceed herein without Prepaying Fees and Costs (*In Forma Pauperis*).

It appears from movant's petition that this court has no jurisdiction over his petition. Moreover, movant's petition appears unintelligible.  He alleges that he is the sole and unconditional owner of a particular bond, number 422866047, which matured on his birthday on February 20, 1997 which has gained interest since then.  Movant alleges entitlement to the said bond and seeks to gain control of the bond allegedly more than 21 years after it matured.

Movant appears to be a state inmate who is currently incarcerated in one of Texas' prison facilities, having been convicted of aggravated sexual assault in 1988 and sentenced to imprisonment for 99 years.  See Memorandum Opinion in *Biddie v. the State of Texas*, No. 07-15-0899-CR, in the Court of Appeals Seventh District of Texas at Amarillo, dated November 18, 2015.

In his writ application, movant alleges that this court has jurisdiction pursuant 28 U.S.C.

§ 1651(a) and Vernon's Texas Codes Annotated, Civil Procedure Rule 45. The referenced statute, however, is not a jurisdiction conferring statute. 28 U.S.C. § 1651(a) merely authorizes any court authorized by congress to "issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usage and principles of law." This court must have jurisdiction over movant's petition before it could issue an appropriate writ. The court does not acquire jurisdiction merely because movant seeks the issuance of a writ. It must have a separate basis for acquiring jurisdiction. Movant has failed to allege a jurisdictional basis for this court to entertain his writ.

As an additional basis for jurisdiction, the court notes that movant references Vernon's Texas Codes Annotated and particularly Texas Civil Procedure Rule 45. The said rule governs pleadings that are filed in Texas courts and requires among other things that a petition shall "consist of a statement in plain and concise language of the plaintiff's cause of action."

Movant's references to Texas law also brings up additional jurisdiction problems which movant faces. It is clear from the writ petition that movant is not a resident of Guam and has no ties to this district. Furthermore, it is not alleged that the bond's location or the Secretary of the Treasury's location is within this district. Thus, in addition to the lack of jurisdiction, venue in this district if the court had jurisdiction would also be inappropriate and subject to dismissal.

Furthermore, movant's petition does not appear to state a cognizable claim for relief.

In filing his writ, movant seeks in forma pauperis status. As an inmate he appears to meet such a status. However, the court finds it prudent to deny his request since this court has no jurisdiction over his writ petition. If the court did have such jurisdiction, venue would be inappropriate in this district. In addition, movant has failed to submit a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of his petition. See 28 U.S.C. § 1915(a)(2).

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an order denying Plaintiff's application to proceed without payment of fees and further dismissing movant's petition for a "Writ of Nunc Pro Tunc with Equitable Marimi" for the following reasons:

1          1. That movant has failed to allege a proper ground for this court to exercise its limited

2   jurisdiction.

3          2. That 28 U.S.C. § 1651(a), which movant cites as the basis for this court's jurisdiction

4   of his petition, merely authorizes this court to issue all writs necessary or appropriate in the aid

5   of its jurisdiction. The court must have a separate basis for exercising jurisdiction other than the

6   referenced statute.

7          3. That movant's petition does not appear to state a cognizable claim upon which relief

8   may be granted.

9          4. That the venue in which movant has brought his petition is improper. Movant does

10  not reside in the district of Guam. He resides in the state of Texas. Further, he does not allege

11  that the bond he seeks to gain control of is located in Guam or that the Secretary of Treasury he

12  mentions is also located in Guam.

13



14                        **/s/ Joaquin V.E. Manibusan, Jr.**
                          **U.S. Magistrate Judge**

15                        **Dated: Jul 12, 2018**

16

17                             **NOTICE**

18         **Failure to file written objections to this Report and Recommendation within**
**fourteen (14) days from the date of its service shall bar an aggrieved party from attacking**

19  **such Report and Recommendation before the assigned United States District Judge. 28**
**U.S.C. § 636(b)(1)(B).**

20

21

22

23

24

25

26

27

28